UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| YANG ZHANG, | : | |
|  | : | CASE NO. 1:15-CV-00720 |
| Plaintiff, | : | |
|  | : | |
| v. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 2] |
| RODERICK BYERS, ET AL., | : | |
|  | : | |
| Defendants. | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE[1]:

Plaintiff Yang Zhang moves for a temporary restraining order ("TRO") against Defendants Roderick Byers and Nicole Clevenger.[2] In short, Plaintiff Zhang says he paid Defendants Byers and Clevenger over $100,000 to buy a customized 2015 Land Rover Range Rover for her. On April 8, 2015, after Plaintiff Zhang gave Defendant Byers a cashier's check for $105,982.66—the purchase price of the car—Plaintiff Zhang says Byers bought the car in his own name and then drove off the lot with it.[3] Plaintiff Zhang says Defendants now refuse to give him the car. On April 13, 2015, Plaintiff Zhang sued for breach of contract, conversion, and fraud,[4] and simultaneously moved for a TRO.[5]

The Court applies the traditional four-part test to determine whether a TRO is appropriate. The Court must consider whether: (1) there is a substantial likelihood of success on the merits, (2)

---

[1] This case is assigned to the Honorable Judge Lesley Wells but this Court is adjudicating this motion pursuant to its responsibilities as Miscellaneous Judge for the Northern District of Ohio. *See* L.R. 3.10.
[2] Doc. 2.
[3] Plaintiff Zhang also paid Defendant Clevenger $3,000 and Defendant Byers $2,200 for their services.
[4] Doc. 1.
[5] *See* Fed. R. Civ. P. 65(b).

Case No. 1:15-CV-00720
Gwin, J.

the temporary restraining order is necessary to prevent irreparable injury, (3) the injury to the plaintiff outweighs any harm to the nonmovant, and (4) the temporary restraining order would serve the public interest.[6]

First, there is a substantial likelihood of success on the merits given the facts described by Plaintiff Zhang on at least his conversion claim, as Defendants have wrongfully taken Zhang's property to his detriment.[7]

Second, a temporary restraining order is necessary to prevent irreparable injury. In the context of a TRO, Plaintiff must show "specific facts in an affidavit or verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[8] Because of Plaintiff Zhang's high likelihood of success on the merits, he does not need to show a particularly grave injury to justify a TRO.[9] Given the nature of the allegations in Plaintiff's verified complaint—including that Defendant Byers absconded with the car, and Plaintiff's counsel's certification describing Defendant Clevenger's refusal to provide her contact information—it appears that Plaintiff needs an immediate injunction to protect his interests; there is no telling how long it might take Defendants to respond to this motion for a TRO.

Third, there is little risk of harm to Defendants as they will only be prohibited from driving, selling, using, or otherwise taking any action with respect to the Range Rover for fourteen days. The potential harm to Plaintiff Zhang far outweighs this.

---

[6] *See, e.g.*, *Summit County Democratic Central and Executive Committee v. Blackwell*, 388 F.3d 547, 550–51 (6th Cir. 2004).
[7] *See* 18 Ohio Jur. 3d Conversion & Replevin § 2 (2015).
[8] Fed. R. Civ. P. 65(b)(1)(A).
[9] *See* Wright & Miller, 11A Fed. Prac. & Proc. Civ. § 2591 at n.47 & accompanying text (3d ed. 2014).

Case No. 1:15-CV-00720
Gwin, J.

Fourth, to the extent that any public interest is implicated here, the Court finds that the public interest would be served by holding the parties to their bargain.

In addition, a Court can only issue a TRO if "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[10] Plaintiff's counsel attached a certificate to the complaint that describes the difficulties she has had gathering contact information for Defendants, including a flat refusal from Defendant Clevenger to provide it; Plaintiff's counsel therefore believes that "[f]urther efforts to contact [Defendants] will not be efficient and effective."[11] Although this attachment is short and does not specifically refer to the Rule 65(b) requirements, the Court finds that Plaintiff's counsel attempted to contact Defendants before filing this TRO and has explained why immediate injunctive relief without the benefit of a hearing is warranted in this case.

For the foregoing reasons, the Court **GRANTS** Plaintiff Yang Zhang's motion for a TRO. Defendants Roderick Byers and Nicole Clevenger shall not drive, sell, use, or otherwise take any action in connection with the 2015 Land Rover Range Rover purchased on April 8, 2015. This TRO will be in effect for fourteen days,[12] starting from the time that Plaintiff posts a $1,000 bond.[13]

IT IS SO ORDERED.

Dated: April 15, 2015          s/  *James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[10] Fed. R. Civ. P. 65(b)(1)(B).
[11] *See* Doc. 1-2.
[12] *See* Fed. R. Civ. P. 65(b)(2).
[13] *See* Fed. R. Civ. P. 65(c).