UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| YANG ZHANG | )  1:15CV0720 |
| | ) |
| Plaintiff | ) |
| | ) JUDGE LESLEY WELLS |
| v. | ) (Mag. Judge Kenneth S. McHargh) |
| | ) |
| NICOLE CLEVENGER, et al., | ) |
| | ) |
| Defendants | ) REPORT AND |
| | ) RECOMMENDATION |

McHARGH, MAG. JUDGE

Currently before the court is plaintiff's motion for default judgment, and defendant Clevenger's motion for leave to file an answer.

## I. PROCEDURAL BACKGROUND

Plaintiff Yang Zhang ("Yang") filed a complaint in this court against defendants Nicole Clevenger and Roderick Byers on April 13, 2015. (Doc. 1.)  On that same date, Yang filed a motion for a temporary restraining order and preliminary injunction.  (Doc. 2.)  The court granted the motion for a temporary restraining order on April 15.  (Doc. 5.)  The plaintiff filed an amended motion for injunctive relief on April 27, 2015, which was later withdrawn.  (Doc. 11, 27.) Throughout, plaintiff had some difficulty perfecting service on the defendants.

A hearing on the motion for preliminary injunction was held on May 18, 2015.  Neither defendant appeared.  During the hearing, the court expressed concern as to whether the defendants had been properly served.  In addition, information came to light which it was believed might impact the possibility of injunctive relief.  The hearing was continued, and Yang subsequently withdrew his motion for preliminary injunction.  (Doc. 27.)

On May 3, 2015, a process server served a copy of the summons, complaint, and motion for preliminary injunction at the residential address of defendant Byers.  (Doc. 19.)  The summons was actually served on an adult co-resident, in accordance with the rules.  *See* Fed. R. Civ. P. 5(b)(2)(B)(ii).

On May 4, 2015, a process server served a copy of the summons, complaint, and motion for preliminary injunction to defendant Clevenger at her residential address.  (Doc. 19-1.)

Under Rule 12, the defendants were then required to serve an answer to the complaint within twenty-one days after being served with the summons and complaint.  Fed. R. Civ. P. 12(a)(1)(A)(I).  No answer was filed by either defendant within the 21-day period.

On May 29, 2015, plaintiff filed an application to the clerk for an entry of default.  (Doc. 30.)  The clerk entered default against defendants Byers and Clevenger on June 3, 2015.  (Doc. 33.)  The plaintiff filed a motion for default judgment against all defendants on June 2, 2015.  (Doc. 32.)  Plaintiff moved for

default judgment on the basis that, although served, defendants had failed to answer or otherwise respond to the complaint.  (Doc. 32, at 2.)

## II.  DEFAULT UNDER RULE 55

"An entry of default and a default judgment are distinct events that require separate treatment."  *Ramada Franchise Sys., Inc. v. Baroda Enter., LLC*, 220 F.R.D. 303, 304 (N.D. Ohio 2004).  *See also O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.,* 340 F.3d 345, 353 (6th Cir. 2003) (same); *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999) (important to distinguish between the two).  Where a defendant has failed to plead or otherwise defend the action, the first step is for the Clerk of Court to enter the party's default.  *Ramada*, 220 F.R.D. at 305; Fed. R. Civ. P. 55(a).  The entry of default is a prerequisite for the entry of judgment on the default.  *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *Ramada*, 220 F.R.D. at 305.

Thus, the procedural status of this case finds the two defendants in default; the court has not yet entered a judgment of default.  The plaintiff's motion for default judgment (doc. 32) is pending, and is now before the court.

Although the motion for default judgment was filed over six weeks ago, neither defendant has filed an opposition to the motion.  Defendant Clevenger is represented by counsel.  Clevenger had filed an untimely answer on June 1, 2015,

3

without leave of court, or any excuse or explanation for the tardiness of the filing. (Doc. 31.)  Meanwhile, at about that same time, the Clerk filed an entry of default (doc. 33), in response to plaintiff's application.

### III.  MOTION FOR LEAVE

Inexplicably, rather than filing an opposition to the motion for default judgment, Clevenger next filed a motion on July 3 for leave to file an answer.  (Doc. 34.)  As noted above, Clevenger had already filed an answer, albeit late and without leave.  (Doc. 31.)  The proposed answer, attached to the motion for leave, is identical to that already filed.  The court will construe the motion for leave, in part, as a motion for relief from the entry of default.

Plaintiff has filed an opposition to the motion for leave.  (Doc. 35.)  Plaintiff argues that the failure to answer was willful and in bad faith.  (Doc. 35, at 1.) Plaintiff also alleges that permitting an answer to be filed will significantly prejudice his rights, based on the same allegations of improper conduct set forth in the complaint.  *Id.* at 1-2.  At this point in the litigation, allowing Clevenger to answer will simply allow her to contest the charges of the complaint.  To the extent that such an answer "prejudices" the plaintiff's claims, it is the same hurdle that any plaintiff faces in pursuing a legal action.

The motion for leave to file an answer (doc. 34) should be denied as moot. Although Clevenger filed her answer late (less than one week late), she has already

4

filed an answer.  (Doc. 31.)  The court will accept that answer, as filed.  A case management conference has not yet been held, and no substantive discovery has taken place.  The court does not believe that prejudice to the plaintiff is a factor, as to the filing of the answer.

## IV.  RELIEF FROM DEFAULT ENTRY (Clevenger)

Under the "good cause" standard, this court "enjoys considerable latitude" to grant a defendant relief from a default entry.  *O.J. Distributing*, 340 F.3d at 353; *Real Property*, 195 F.3d at 820; *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).  In the normal course of events, of course, the court would have expected Clevenger to file for relief from the entry of default.

Nonetheless, defaults are generally disfavored in federal court, and are reserved for rare occasions.  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also Elliott v. Wal-Mart Inc.*, 149 F.3d 1183, 1998 WL 385911, at *1 (6th Cir. 1998) (TABLE, text in WESTLAW).

Adjudications on the merits are favored in federal courts.  *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 795 (6th Cir.), *cert. denied*, 537 U.S. 883 (2002); *Enron*, 10 F.3d at 95; *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983).  Mere delay is not a sufficient prejudice to support a denial of a motion to set aside an entry of default.  *Weiss*, 283 F.3d at 795; *United Coin Meter*, 705 F.2d at 845.  Rather, the delay must result in some tangible

5

harm. *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433-434 (6th Cir. 1996). *See also Mathon v. Marine Midland Bank, N.A.*, 875 F.Supp. 986, 993 (E.D. N.Y. 1995). Here, the delay was minimal; although Clevenger's answer was untimely filed, it was only a few days late, and plaintiff asserts no tangible harm.

The plaintiff argues that Clevenger's failure to answer was willful and in bad faith. (Doc. 35, at 1.) The court finds no indication that Clevenger's late filing of her answer was willful, or the result of defendant's own culpable conduct. Where it is defendant's counsel who was neglectful, that militates in favor of setting aside an entry of default. *See, e.g.*, *Momah v. Albert Einstein Med. Center*, 161 F.R.D. 304, 308 (E. D. Pa. 1995). A default deprives the client of his day in court, and should not be used as a vehicle for disciplining attorneys. *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 195 (6th Cir. 1986).

The "good cause" factors are not overwhelming, but this court finds that it is sufficient to satisfy the liberal requirements of Rule 55(c). *See, e.g.*, *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998) (relief from default granted despite "cavalier approach to litigation"); *Bluegrass Marine Inc. v. Galena Road Gravel, Inc.*, 211 F.R.D. 356, 359 (S.D. Ill. 2002) (relief granted despite "weak showing of good cause"); *Morgan v. Hatch*, 118 F.R.D. 6, 9 (D. Me. 1987) (entry of default set aside despite lack of adequate excuse for default). The entry of default (doc. 33) should be vacated and set aside, as to defendant Clevenger.

## V.  MOTION FOR DEFAULT JUDGMENT

Because the court recommends that the entry of default against Clevenger should be set aside, the motion for default judgment (doc. 32) against Clevenger should be denied.

The motion for default judgment against Byers should be granted.  Byers has been served, an entry of default has been properly entered against him, and Byers has not filed an answer, or made any other appearance in oppositioin to the complaint filed against him.  Thus, he is deemed to have admitted all well-pleaded allegations of the complaint.  *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir.), *cert. denied,* 537 U.S. 1018 (2002); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997); *Wing v. East River Chinese Restaurant*, 884 F.Supp. 663, 669 (E.D. N.Y. 1995). Therefore, the motion for default judgment (doc. 32) against Byers should be granted.

## VI.  RECOMMENDATION

The motion for leave to file an answer (doc. 34) should be denied as moot; Clevenger has already filed an answer (doc. 31).

The entry of default (doc. 33) should be vacated and set aside, as to defendant Clevenger.  Thus, the motion for default judgment (doc. 32) against Clevenger should be denied.

The motion for default judgment against Byers (doc.32) should be granted.


Dated:   July 15, 2015          /s/ Kenneth S. McHargh
                                Kenneth S. McHargh
                                United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

8